### AIKEN v. CINCINN., SAND'Y & CLEVE. RY. CO. et.

Ohio Appeals, 3rd Dist., Logan Co.
No. 760. Decided Jan. 7, 1928.
**First Publication of this Opinion.** ·
Syllabus by Editorial Staff.
**445. EASEMENTS—991. Railroads—367. Deeds—997. Real Estate.**
Where. right of way deed conveys easement and not fee, owner held to have right to use underground way in any manner that does not reasonably interfere with use for railroad purposes.
Appeal from Common Pleas.
Injunction granted.
Dow Aiken, Charles Aikin and Hale & McGee, Bellefontaine, for Aiken.
West & Campbell, Bellefontaine, for Railway Co.
**FULL TEXT**
Before Judges Crow, Hughes and Justice.
JUSTICE, J.

This is a suit in injunction and comes to us on plaintiff's appeal from the Court of Common Pleas of this county, and is submitted on the evidence.

The plaintiff seeks, by this suit, to restrain the defendant from interferring with her use and enjoyment, as a passageway for stock, vehicles and pedestrians, of that certain underground way which lies across defendant's right of way and connects her lands.

The defendant admits that it purposes to prevent plaintiff from so using and enjoying said way, and denies that she has a right to an injunction forbidding it so to do.

The question is: Has plaintiff a right to so use and enjoy.said underground way as it is now constructed?

Counsel and the parties are well acquainted with the facts in this case.· It will therefore be neither interesting nor profitable to set them forth in detail. · Suffice to say the evidence ·and concessions disclose that plaintiff has the legal title in fee to the land on which the passageway is constructed, unless the deed from James Reed and others to The Mad River and Lake Erie Railroad Company, the defendant's predecessor in ownership, conveys to it

a fee simple estate therein. This deed reads as follows:

"Right of Way. This indenture made the 23rd day of July, A. D. 1845, Witnesseth:

"That whereas the Mad River & Lake Erie Railroad company have under the provisions of their charter, surveyed and located their line of railroad which survey and location crosses over and upon the following described premises, to wit: the southwest quarter of Section 6, town ·3,· range 14, in consideration that the said railroad company cause to be constructed two open culverts under the road at the west line of said quarter and at the south line of the same where the road enters and leaves said quarter section, and in further consideration that the said railroad company pay $2.50 for each and every apple tree destroyed in said quarter section in consequence of the construction of said railroad. Culverts not to be less than five feet wide, no timber to be taken off this quarter for construction of bridges. And in consideration of the sum of $1.00 to us in hand paid by said company, the receipt whereof is hereby acknowledged, that James M. Reed, Duncan M. Reed and Ebenezer E. Reed of the township of Harrison, county of Logan and State of Ohio, do hereby grant, bargain, sell, release and convey to said company and to their successors and assigns, the exclusive right of entering upon, occupying and improving all that portion of the above described premises to the width of one hundred feet upon which said railroad is located, and the soil, stone and wood thereon being and growing, to take, use and improve for the purpose of constructing and using said railroad as long as the same shall be used by said company, hereby releasing to said company all damages we may have or may hereafter sustain by reason of the premises.

"In Witness Whereof, we have hereunto set our hands and seal this 23rd day of July, A. D. 1845. Signed, James M. Reed, Duncan M. Reed, E. E. Reed. In the presence of Jerrard S. Dawson.

"The State of Ohio,................ county, ss: Personally appeared before me, a justice of the peace in and for said county, the above named who acknowledged the signing and sealing of the foregoing deed of release to be his act and deed, this..........day of............., 184...., ......................J. P.

"Received August 19, 1895 at 3 o'clock P. M. Recorded August 23, 1895, William Stough, Recorder."

We have carefully examined and considered this deed and are unanimously of the opinion that it does not convey to defendant's predecessor in ownership, the fee in said right of way, but only an easement therein. Plaintiff, therefore, has a right to use said underground way in any manner that she may see fit that does not unreasonably interfere with its use by defendant for railroad purposes. 70 OS. 113. 12 O. C. C. R. 743-749.

No claim is made that the use to which plaintiff intends to put said underground way, as it is now constructed, will unreasonably or otherwise interfere with defendant's use of it for railroad purposes.

Other facts appear in the evidence, but we do not regard them as essential in the disposition of the question here. However, we deem it fitting to say that the judgment we enter, is not intended to affect any question which may arise by reason of changed conditions incident to the use of the land by defendant or a successor, for railroad purposes.

Entertaining these views, it follows that defendant should be enjoined from interfering with plaintiff's use and enjoyment, as a passageway for stock, vehicles and pedestrians, of said underground way as it is now constructed. Judgment and decree accordingly.